IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANDERSON BURTON CONSTRUCTION, INC., a California corporation,<br><br>                Plaintiff,<br><br>   vs.<br><br>ENVIRONMENTAL CONTROL SPECIALISTS, INC., a Hawaii corporation; IN & OUT BUILDERS, INC., a Hawaii corporation; and DOES 1-10,<br><br>                Defendants. | Civ. No. 17-00063 JMS-KSC<br><br>ORDER (1) DENYING MOTION FOR SUMMARY JUDGMENT NO. 2 RE: CAUSATION, ECF NO. 100; AND (2) DENYING MOTION FOR SUMMARY JUDGMENT NO. 3 RE: BREACH OF CONTRACT, ECF NO. 102 |

**ORDER (1) DENYING MOTION FOR SUMMARY JUDGMENT NO. 2 RE: CAUSATION, ECF NO. 100; AND (2) DENYING MOTION FOR SUMMARY JUDGMENT NO. 3 RE: BREACH OF CONTRACT, ECF NO. 102**

Anderson Burton Construction, Inc. ("Plaintiff") filed its First Amended Complaint (the "FAC"), ECF No. 38, bringing several claims against Environmental Control Specialists, Inc. ("ECS") and In & Out Builders, Inc. ("IOB") (collectively, "Defendants"). IOB then brought several motions for summary judgment.

1

In a separate order, the court granted in part and denied in part IOB's Motion for Summary Judgment No. 1 Re: Waiver of Subrogation, ECF No. 98. ECF No. 179. Now before the court are IOB's two remaining motions for summary judgment: Motion for Summary Judgment No. 2 Re: Causation, ECF No. 100; and Motion for Summary Judgment No. 3 Re: Breach of Contract, ECF No. 102. Because there are genuine issues of material fact concerning causation and breach of contract, the Motions are DENIED.[1]

IOB moves for summary judgment based on lack of causation, arguing that IOB's work did not cause the property damage. ECF No. 100-1 at 11. Drawing all reasonable inferences on behalf of the nonmoving party, the court easily determines that the February 19, 2018 Widing Deposition (the "2/19/18 Widing Deposition"), ECF No. 101-5, and the September 24, 2017 Ballesteros Deposition (the "9/24/17 Ballesteros Deposition"),[2] ECF No. 134-7, create genuine

---

[1] The parties are familiar with the facts, and the court will not repeat them here.

[2] IOB argues that, under Federal Rule of Civil Procedure 32(a), the 9/24/17 Ballesteros Deposition is not admissible because IOB was neither present nor represented at the taking of the deposition. ECF No. 147-1 at 11. Depositions may be considered as Rule 56 affidavits for purposes of a motion for summary judgment, and thus need not comply with Rule 32(a). *Hoover v. Switlik Parachute Co.*, 663 F.2d 964, 967 (9th Cir. 1981). "Thus, the relevant inquiry is whether the documents . . . otherwise qualify as affidavits." *Id.* at 966. Here, the 9/24/17 Ballesteros Deposition qualified as an affidavit under Rule 56 because the deposition was made based on Ballesteros' personal knowledge, set out facts that would be admissible in evidence, and showed that Ballesteros was competent to testify on the matters stated. *See* Fed. R. Civ. P. 56(c)(4). Thus, the 9/24/17 Ballesteros Deposition may be considered for purposes of summary

(continued . . .)

issues of material fact concerning whether IOB caused property damage to the Visitor's Center. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (recognizing that inferences drawn from underlying facts must be viewed in the light most favorable to the party opposing summary judgment). Thus, the court DENIES the Motion for Summary Judgment No. 2 Re: Causation.

IOB separately moves for summary judgment based on breach of contract. ECF No. 102. IOB argues that the IOB Subcontract only required indemnification for damages caused by IOB, and IOB did not cause the damage to the Visitor's Center. ECF No. 102-1 at 1. As discussed above, there is a genuine issue of material fact concerning whether IOB caused the damage to the Visitor's Center. IOB also argues that there is no breach of contract because the IOB Subcontract did not require IOB to protect the interior of the Visitor's Center from weather-related damage. *Id*. But the contract between the National Park Service and Plaintiff (the "Prime Contract") is incorporated into the IOB Subcontract,[3]

---

(. . . continued)
judgment as a Rule 56 affidavit. Further, IOB is not prejudiced by the court's holding because IOB was given the opportunity to cross-examine Ballesteros in a later deposition.

[3] The IOB Subcontract at ¶ 1.B. provides, in relevant part:

> SUBCONTRACTOR agrees to be bound to PRIME CONTRACTOR in the same manner and to the same extent as PRIME CONTRACTOR is bound to OWNER under the Contract

(continued . . .)

ECF No. 38-3 at 2, and IOB's roofing work pertains to the Prime Contract's provision requiring Plaintiff to "[m]aintain[] the building in a weather tight condition throughout the construction period." ECF No. 133-5 at 17. IOB is thus also required to maintain the Visitor's Center so that it is weather tight. *Id.*; *see also* ECF No. 38-2 at 2. Accordingly, the Motion for Summary Judgment No. 3 Re: Breach of Contract is DENIED.[4]

///

///

///

///

---

(. . . continued)
> Documents, to the extent of the work provided for in this Subcontract, and that where, in the Contract Documents, reference is made to PRIME CONTRACTOR, and the work or specifications therein pertains to SUBCONTRACTOR's trade, craft, or type of work, then such work or specification shall be interpreted to apply to SUBCONTRACTOR instead of PRIME CONTRACTOR.

ECF No. 38-3 at 2. The contract between the National Park Service and Plaintiff is listed in the IOB Subcontract as one of the "Contract Documents." ECF No. 38-3 at 2.

[4] In addition to the two Motions, Plaintiff filed a Request for Judicial Notice, ECF No. 92, and Plaintiff and IOB each filed motions to strike, ECF Nos. 147 and 163. Pursuant to Federal Rule of Evidence 201(b)(2), the court GRANTS the Request for Judicial Notice, taking judicial notice of the weather information in ECF No. 92-4, while acknowledging that the hourly data is recorded at "PHOG located miles away from Haleakala National Park, Hawaii," ECF No. 92-4. In its discretion, the court DENIES the motions to strike. In denying these motions, the court finds no prejudice to either Plaintiff or Defendants.

For the foregoing reasons, the Motion for Summary Judgment No. 2 Re: Causation is DENIED; and the Motion for Summary Judgment No. 3 Re: Breach of Contract is DENIED.  Further, the Request for Judicial Notice is GRANTED; IOB's Motion to Strike is DENIED; and Plaintiff's Motion to Strike is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 22, 2018.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Anderson Burton Constr., Inc. v. Envt'l Control Specialists, Inc., et al.*, Civ No. 17-00063 JMS-KSC, Order (1) Denying Motion for Summary Judgment No. 2 Re: Causation, ECF No. 100; and (2) Denying Motion for Summary Judgment No. 3 Re: Breach of Contract, ECF No. 102